UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|                                          :
MTF FOOD DISTRIBUTORS, INC.              :
t/a FIRST CHOICE FOOD DISTRIBUTORS,      :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :    Civil Action No. _____
                                          :
THE DEPENDABLE FOOD CORP.,               :
t/a THE NEW DEPENDABLE FOOD CORP.,       :
a/t/a MASBIA;                            :
SAMUEL BLAU. an individual; and          :
S. BERTRAM FOODS, INC.,                  :
                                          :
          Defendants.                     :
_____  :

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, MTF Food Distributors, Inc. t/a First Choice Food Distributors ("Plaintiff" or "First Choice"), through its undersigned counsel, by way of Complaint against Defendants, The Dependable Food Corp. t/a The New Dependable Food Corp. a/t/a Masbia ("Dependable"), Samuel Blau ("Blau"), and S. Bertram Foods, Inc. ("Bertram"), states and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331 and § 1332.  Personal jurisdiction exists over Defendants as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

- 1 -

2.      Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's claims arose in this District.

## PARTIES

3.      Plaintiff First Choice is a Pennsylvania corporation with its office and principal place of business at Suite D1, 6700 Essington Ave., Philadelphia, Pennsylvania 19153, and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and  licensed as a dealer under PACA.

4.      a.      At all times relevant hereto, Dependable was and is a New Jersey corporation with a principal place of business located at 29 Executive Drive, Edison, New Jersey 08817that was engaged in the business of buying wholesale quantities of Produce in interstate commerce, and that was licensed as a dealer under PACA.

b.      At all times relevant hereto, Blau was a dealer and commission merchant under PACA and an owner, officer and/or director of Dependable who was in a position of control over the PACA trust assets belonging to Plaintiff.  Blau is a reported principal of Dependable on Dependable's PACA license.  Upon information and belief, Blau resides at 4808 17th Avenue, Brooklyn, New York 11204-1120.

c.      At all times relevant hereto, Bertram was and is a New Jersey corporation with a principal place of business located at 3401 Tremley Point Road, Linden, New Jersey 07036 that was engaged in the business of buying wholesale quantities of Produce in interstate commerce, and that was licensed as a dealer under PACA.

## ALLEGATIONS COMMON TO ALL COUNTS

5.      This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

6. Between December 16, 2025 and January 14, 2026, Plaintiff First Choice sold and delivered, in interstate commerce, wholesale amounts of Produce worth the principal amount of $76,293.50, to Defendants Dependable and Blau, which Defendants accepted, and all of which remains unpaid.

7. At the time Defendant Dependable received and accepted the Produce, Plaintiff became a beneficiary in a statutory trust under PACA ("PACA Trust"), which is designed to assure payment to produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants, as well as all sums owed in connection with the Produce transactions.

8. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $76,293.50 by delivering to Defendant Dependable invoices or other billing statements containing the requisite statutory language of notice of intent to preserve trust rights, and remains a beneficiary thereof until full payment is made for the Produce and sums owed in connection with the Produce transactions.

9. Defendants Dependable and Blau have not disputed the debt owed to Plaintiff in any way but despite demands for payment, have failed to pay in full for the Produce sold by Plaintiff when payment was due, and presently owe Plaintiff the principal amount of $76,293.50, all of which is subject to and owed under the PACA Trust.

10. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

11. Dependable is a trustee of the PACA Trust it is required to hold for the benefit of Plaintiff.

12. Defendant Blau owes fiduciary obligations to Plaintiff by virtue of his role at Dependable and exercise of control over the assets and operations of A&P.

13.     Pursuant to PACA, Defendants Dependable and Blau are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

14.     Upon information and belief, on or about January 12, 2026, Defendants Dependable and Blau entered into an agreement with Defendant Bertram under which Bertram acquired all of the assets of Defendant Dependable, including but not limited to assets subject to the PACA trust.

15.     Upon information and belief, Defendant Dependable ceased operations on or about January 14, 2026.  Defendants Dependable and Blau ceased operations without paying Plaintiff for the produce purchased.

16.     The failure to pay Plaintiff by Defendants Dependable and Blau demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT ONE
### (Injunctive Relief – All Defendants)

17.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.     Defendants' failure to make payment to Plaintiff of trust funds in the principal amount of $76,293.50 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

19.     Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunctions enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

## COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

20.    Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

21.    Defendants' continuing failure and refusal to pay Plaintiff the PACA Trust funds due in the principal amount of $76,293.50 violates PACA and PACA regulations.

22.    As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering those Defendants to pay Plaintiff the principal amount of $76,293.50, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
### (Failure to Pay Promptly- Dependable)

23.    Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

24.    Defendant Dependable received and accepted each of the loads of Produce described above.

25.    The PACA requires Defendant Dependable to tender full payment promptly to its unpaid suppliers of Produce.

26.    Defendant Dependable failed to pay for the Produce supplied by Plaintiff within the payment terms.

27.    As a result of Defendant Dependable's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $76,293.50 for the unpaid produce involved in the Produce transactions.

WHEREFORE, Plaintiff demands judgment against Defendant Dependable and enforcing the PACA trust by ordering Defendant Dependable to pay Plaintiff the principal amount of $76,293. 50 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
**(Breach of Contract -- Failure to Pay For Goods Sold – Dependable)**

28.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

29.     Defendant Dependable's continuing failure and refusal to pay Plaintiff the full balance due and owing for the Produce received and accepted by this Defendant constitutes a material breach of the contracts between Plaintiff and Defendant Dependable.

30.     Plaintiff fully performed all conditions precedent to the contracts with Defendant Dependable.

31.     As a direct and proximate result of Defendant Dependable's continuing material breaches of contracts, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendant Dependable for damages in the principal amount of $76,293.50, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FIVE
**(Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by
a Corporate Official – Samuel Blau)**

32.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 16 above as if fully set forth herein.

33.     Defendant Blau is and was an owner, officer, and/or director of Dependable who operated Dependable during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

34.     As an owner, officer, and/or director of Dependable, Blau knew of and had full responsibility for Dependable's operations and financial dealings.

35.     As an owner officer, and/or director of Dependable, Blau had a fiduciary duty to ensure that Dependable fulfilled its obligations and duties as a PACA trustee.

36.     Dependable breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

37.     Blau breached his fiduciary duties by failing to direct and ensure Dependable fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

38.     Blau knew or should have known that Dependable was in breach of the PACA trust.

39.     Blau's failure to direct Dependable to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

40.     Defendant Blau participated in the breach of fiduciary duty owed to Plaintiff by Dependable.

41.     As a result of Blau's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Dependable trust and incurred damages in the principal amount of $76,293.50, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Samuel Blau., in favor of Plaintiff, in the principal amount of $76,293.50, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
### (Unlawful Receipt and Retention of PACA Trust Assets –
### S. Bertram Foods, Inc.)

42.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 16 above as if fully set forth herein.

43.     Upon information and belief, on or about January 12, 2026, Defendant Bertram acquired all of Defendant Dependable's assets, including assets impressed with the PACA statutory trust in favor of Plaintiff, the trust beneficiary, which has not received payment for the produce it supplied to Dependable.

44.     Upon information and belief, Defendant Bertram wrongfully received and continues to wrongfully hold PACA trust assets which are due and owing to Plaintiffs under the PACA trust.

WHEREFORE, Plaintiff requests an order directing Defendant Bertram to disgorge and pay over the PACA trust assets to Plaintiff, or in the alternative, judgment against Defendant Bertram in favor of Plaintiff, in an amount equal to the unpaid PACA trust claims of Plaintiff, plus pre-judgment interest, costs and attorneys' fees.

## COUNT SEVEN
### (Interest and Attorneys' Fees – All Defendants)

45.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

46.     The PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

47.     As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, and/or to disgorge trust assets wrongfully received and/or retained, Plaintiff has lost the use of said money.

48.     As a further result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, and/or to disgorge trust assets wrongfully received and retained,

- 9 -

Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under the PACA and the unpaid invoices of Assignors.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for prejudgment interest, costs, and attorneys' fees.

Dated this 2nd day of April, 2026.                    Respectfully submitted,

McCARRON & DIESS

By: /s/ Mary Jean Fassett
   Mary Jean Fassett, PA Bar #314958
   Validated Signature Code: MJF8878
   4530 Wisconsin Avenue, NW, Suite 301
   Washington, DC 20016
   Tel. 202-364-0400
   Fax 202-364-2731
   mjf@mccarronlaw.com

   *Counsel for Plaintiff*